# THE STELVIO.[1]

## PHELPS *v.* THE STELVIO.

*(District Court, E. D. New York.* February 1, 18..

1. ADMIRALTY—PRACTICE—COSTS—EXCESSIVE CLAIM.

   A libelant who has filed a claim for $20,000, and recovered only $500, will not be allowed costs where it appears that by waiting two days he could have ascertained, without risk, that his loss would be less than $1,000.

2. SAME—EXCESSIVE CLAIM AS PUNISHMENT.

   The law does not permit the insertion of an excessive demand in a libel against a ship by way of punishment for previous wrong-doing on the part of the ship's owner.

In Admiralty. On exceptions to commissioners' report. See 30 Fed. Rep. 509.

*Ullo, Ruebsamen & Hubbe,* for libelant.

*E. B. Convers,* for claimant.

BENEDICT, J. I find no occasion to disturb the findings of the commissioner as to the amount of damages recoverable in this case. Upon the question of costs, I remark that it is plain that the claim of $20,000 put forth in the libel was excessive. The recovery is little over $500. To the suggestion that when the libel was filed it was not known but that the damages would be in the neighborhood of the sum claimed, the answer is that by delaying the libel from Saturday to Monday the amount of the loss could have been ascertained with reasonable certainty to be less than $1,000. The delay could have been had without risk of loss to the libelants. To the other suggestion that if the claim of $20,000 was in excess, it is excused by the unlawful action of the ship's owner in refusing to deliver the oranges on Saturday, it is sufficient to say that the law does not permit the insertion of an excessive and exorbitant demand in a libel against the ship by way of punishment for previous wrong-doing on the part of the ship's owner.

Let the exceptions be overruled, and a decree entered in favor of the amount reported by the commissioner, without costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.